## BOYKIN *vs.* McLAUCHLIN.

[BILL IN EQUITY FOR SPECIFIC PERFORMANCE OF CONTRACT FOR SALE OF LAND.]

1. *Contract of agent enforced against principal.*—A bond for titles, executed by an agent in his own name, in pursuance of an authority to sell contained in a letter from his principal, will be upheld in equity as evidence of a contract on the part of hi principal to sell, and the contract will be enforced against the principal.

APPEAL from the Chancery Court of Choctaw.
Heard before the Hon. WADE KEYES.

THE bill in this case was filed by John McLauchlin, against Burwell B. Boykin, Charles S. Holland, Riley Powell, and Holden Preslar, to enforce against Holland the specifiic execution of a contract, by which the complainant purchased from Powell, as the agent of Holland, a tract of land which Boykin also claimed to have purchased from Holland. Powell's authority to sell the land was contained in a letter from Holland, dated the 9th July, 1853, which was made an exhibit to the bill, and the material portions of which were in the following words : "You stated, that you had sold, or could sell my land, if you had the power to do so. I would have sent you a power of attorney, but it 'would have been of no use until I had an opportunity of seeing the circuit judge, which I could not do until the fall court; so I concluded to say to you, to sell it and send me the title. I will sign it, and send it back, as it will have to be acknowledged by me before a notary public or some other lawful officer. If you sell it, and move out here, as you wrote you intended to do, bring the money with you; and if you do not move, write to me, and I will then instruct you what to do. * * * If you sell my land, and cannot fix it without a power of attorney, write immediately, so that I may hear before fall court; but, if you can sell it, and give your bond for title, then draw a title and send it to me, and I will *assign* and send it back." Under the

authority conferred by this letter, Powell sold the land to McLauchlin, on the 7th December, 1853, at the price of $100, and executed his individual bond for title; and McLauchlin paid the purchase-money in full at the same time.

Boykin, also acting as the agent of Holland, sold the same land verbally to Preslar for $150, and put him in possession some time in December, 1853. Preslar stated in his answer, that this contract was made "about the month of December, 1853;" while Boykin insisted in his answer, that the contract of sale was made in August, 1853, though Preslar was not put in possession until December following. By the terms of the contract, Preslar was to pay a portion of the purchase-money in January, 1854, and the residue in January, 1855; "but, at the time of said contract, or shortly afterwards," as Preslar stated in his answer, "he paid said Boykin one dollar in cash, which he was advised would bind the bargain." Boykin's authority to sell the land was contained in a letter from Holland, dated the 4th January, 1846, which was made an exhibit to his answer; "which power," he insisted, "was never revoked, but was recognized and confirmed by subsequent communications between said Holland, Powell, and respondent," which were also made exhibits to his answer. The material portion of the letter of 4th January, 1846, was as follows: "I have concluded to write to you, that if the man who wants my land concludes to buy it, upon the terms I sent you, leave word at Mr. Hendrick's, as some of us expect to be back here next spring, and will then attend to it; and if he or any other will give the $150 as I offered, and pay me next January, you are authorized to let them go on it, and I will make them a title when I return." A few days after Preslar had taken possession under his purchase, McLauchlin demanded that the land should be surrendered to him, claiming it under his contract with Powell. Preslar thereupon rescinded his contract with Boykin, and relinquished the possession of the land. Boykin in the meantime had written to Holland, informing him of his sale to Preslar, and also notified Powell of the sale. On the 4th April,

1854, Holland sent Powell a general power of attorney, under seal, authorizing him to sell the land and make titles thereto in his name; and on the 25th August, 1854, Powell executed a conveyance of the land to Boykin, who stated that he considered himself "morally bound to said Holland to carry out and perfect the sale of said land at $150, according to his representations to said Holland."

On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant, ordering a specific execution by Holland of the contract between McLauchlin and Powell, the cancellation of the deed to Boykin, and the delivery of the possession of the land by Boykin to McLauchlin; and his decree is now assigned as error.

WILLIAM BOYLES, for appellant.

MORSE & ROBERTS, contra.

R. W. WALKER, J.—The letter from Holland to Powell, bearing date 9th July, 1853, is a clear authority to sell the land. "The general rule is, that where an agent has contracted within the sphere of his agency, and the principal is not, by the form of the contract, bound at law, a court of equity will enforce it against the principal, upon principles 'ex æquo et bono.'"—Story on Agency, § 162. Accordingly, the bond executed by Powell in his own name, in pursuance of the authority contained in Holland's letter, will be upheld in equity, as evidence of a contract on the part of Holland to sell to the complainant.—Morrow v. Higgins, 29 Ala. 450.

A court of chancery will, therefore, specifically enforce this contract, unless the defense set up in the answers is made out—namely, that before the execution of Powell's bond to the complainant, a valid contract to sell the land to a different person had been made by another lawful agent of the owner. The proof, however, wholly fails to establish this defense.

In the first place, the agency on which the defendant Boykin relies in his answer, is an agency established by the letters from Holland attached as exhibits to his answer. The only one of these letters which is prior in

date to the contract between the complainant and Powell, is the one written in January, 1846. The authority given by this letter, was one which was to be exercised, if at all, during that year; Boykin being only directed to sell for one hundred and fifty dollars, payable in January, 1847. The agency had obviously expired long before the complainant contracted with Powell. No other agency or authority on the part of Boykin is established by the evidence; but, on the contrary, the testimony of Higgins, one of his witnesses, and the letter from Ward to Holland, attached as an exhibit to the deposition of the latter, both tend to show that, when Boykin made the contract with Preslar, he did not believe that he had authority to close the bargain, without hearing either from Holland or from Powell.

But, if Boykin's authority to sell were conceded, the proof fails to show that, before the execution of Powell's bond to the complainant, any contract was made between Boykin and Preslar, which could be enforced against Holland. The only contract set up was a verbal one; and this was void, unless the purchase-money, or a part of it, was paid, and the purchaser put in possession.—Code, § 1551. Preslar, it is true, was put in possession; but the proof does not show that any part of the purchase-money was then paid. All that is pretended to have been paid, was *one* dollar, 'to bind the bargain.' The only witness who states that he saw Preslar pay this sum, is B. Boykin; and it seems from his deposition, that the payment to which he refers was not made until the spring of 1854. The evidence of Dougherty and Wright very strongly tends to show that, in fact, nothing was paid, but that, after the complainant had bought the land from Powell, an understanding was had between Boykin and Preslar, that some one or two dollars, which Preslar had paid Boykin for plank, should be considered as a payment on the land.

It is plain that the subsequent rescission of this void contract, and Boykin's agreement to take the land himself, could not deprive the complainant of the right which he had acquired by the contract with Powell.

The decree of the court below is affirmed.